13-324-cv
*Webb v. Stallone, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand fourteen.

Present:     ROBERT A. KATZMANN,
                     *Chief Judge*,
             RICHARD C. WESLEY,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges.*

_____

MARCUS WEBB,

          *Plaintiff-Appellant*,

          - v. -                                                    No. 13-324-cv

SYLVESTER STALLONE, MILLENNIUM FILMS,
NU IMAGE FILMS, LIONS GATE FILMS, INC.,
LIONS GATE HOME ENTERTAINMENT, INC.
ALTA VISTA PRODUCTIONS, INC., ALTA
VISTA PRODUCTIONS, LLC, and DOUBLE LIFE
PRODUCTIONS, INC.,

          *Defendants-Appellees,*

DAVID CALLAHAM and LIONS GATE ENTERTAINMENT CORPORATION,

          *Defendants.*

_____

1

For Plaintiff-Appellant:                    DAVID M. KOHANE (David. S. Gold, *on the brief*), Cole, Schotz, Meisel, Forman, & Leonard, P.A. LLP, New York, NY.

For Defendants-Appellees:                   TOM J. FERBER (James Janowitz and Benjamin S. Akley, *on the brief*) Pryor Cashman LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Marcus Webb appeals from the judgment entered on December 27, 2012, by the United States District Court for the Southern District of New York (Rakoff, *J.*), granting summary judgment to Defendants-Appellees Sylvester Stallone, Millennium Films, Nu Image Films, Lions Gate Films, Inc., Lions Gate Home Entertainment, Inc., Alta Vista Productions, Inc., Alta Vista Productions, LLC, and Double Life Productions, Inc. ("Defendants"). At issue is whether Webb failed to demonstrate a genuine dispute as to any material fact regarding whether Defendants, in creating the movie *The Expendables* ("*Expendables*"), copied Webb's screenplay, *The Cordoba Caper* ("*Cordoba*"). We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues presented for review.

To survive a motion for summary judgment in a copyright infringement case, the plaintiff must present evidence that shows "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003). "To satisfy the second element of an infringement claim . . . a plaintiff must show both that his work was 'actually copied' and that the portion copied amounts to an 'improper or

2

unlawful appropriation.'" *Id*. (quoting *Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc*., 150 F.3d 132, 137 (2d Cir. 1998)). "Actual copying may be established by direct or indirect evidence. Because direct evidence of copying is seldom available, a plaintiff may establish copying circumstantially," *Jorgensen*, 351 F.3d at 51 (internal quotation marks omitted), through "proof of access to the copyrighted work, similarities that are probative of copying between the works, and expert testimony," *Boisson v. Banian, Ltd*., 273 F.3d 262, 267 (2d Cir. 2001) (internal quotation marks omitted). We have described these likenesses that serve as indicia of copying as "probative" or "striking" similarity. *Jorgensen*, 351 F.3d at 51, 56.

In addition to actual copying, a plaintiff must also show improper appropriation. *Id.* at 51. This requirement recognizes that "not all copying results in copyright infringement, even if the plaintiff has a valid copyright." *Boisson*, 273 F.3d at 268. In order to show improper appropriation, "[p]laintiffs must also demonstrate 'substantial similarity' between [the accused work] and the protectible elements of [the infringed work]." *Id.* (emphasis omitted) (quoting *Streetwise Maps, Inc. v. Van Dam*, *Inc*., 159 F.3d 739, 747 (2d Cir. 1998)).

The district court granted the defendants' motion for summary judgment after concluding that Webb failed to establish a genuine dispute as to any material fact regarding whether defendants actually copied his work. We affirm the judgment below, but do so on alternate grounds, making no ruling as to the correctness of the district court's basis for dismissal. *See, e.g*., *Adirondack Transit Lines, Inc. v. United Transp. Union, Local 1582*, 305 F.3d 82, 88 (2d Cir. 2002). We affirm the judgment on the basis that defendants did not improperly appropriate Webb's work because *Expendables* and *Cordoba* are not substantially similar.

In determining whether works are substantially similar within the meaning of copyright law, "we are principally guided 'by comparing the contested design's total concept and overall

3

feel with that of the allegedly infringed work.'" *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 66 (2d Cir. 2010) (quoting *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 133 (2d Cir. 2003) (some internal quotation marks omitted)). This is so because

> the defendant may infringe on the plaintiff's work not only through literal copying of a portion of it, but also by parroting properties that are apparent only when numerous aesthetic decisions embodied in the plaintiff's work of art—the excerpting, modifying, and arranging of [unprotectible components] . . . —are considered in relation to one another.

*Tufenkian Import/Export Ventures, Inc.,* 338 F.3d at 134. In addition to considering the total concept and feel, we also "examine the similarities in such aspects as the . . . theme, characters, plot, sequence, pace, and setting of the [screenplay] and the [film]." *Williams v. Crichton*, 84 F.3d 581, 588 (2d Cir. 1996).

The total concept and, in particular, the overall feel, of the two works here are quite distinct. As the district court observed, *Expendables*, a gunfire-riddled "pure action" flick, is very different from *Cordoba*, a trickery-based true caper. Sp. App'x 18. The 1980s-era action scenes that permeate *Expendables* are a defining aspect of its exposition of the mercenary story, which materializes through such elements as explosions, gunfire, and imagery including skulls, tattoos, and prominently displayed muscles. In keeping with that tone, its soundtrack is comprised of classic rock songs with heavy guitar. *Cordoba*, by contrast, does not feel like a macho rogue military mission. Instead, it is a tale of a cunning heist with sensitive and human characters, female figures who are independent and capable, and imagery that includes Mayan villages, horseback riding through the Andes mountains, and Native American ceremonial costumes, food, and music. Even if the works share some common elements, the manners in which they express the stories feel dissimilar on the whole. Therefore, notwithstanding the

similarities between the works, we find that no reasonable juror could conclude that *Cordoba* and *Expendables* are substantially similar sufficient to prove unlawful appropriation. *See Walker v. Time Life Films, Inc*., 784 F.2d 44, 52 (2d Cir. 1986) (declining to decide the issue of actual copying because no substantial similarity exists between the two works).

We have considered Webb's remaining arguments and find they are without merit. Accordingly, the judgment of the district court hereby is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK